## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RUBINO, BEVERLY GUITY, EMILY FREIDBERG and JEROME PATICOFF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br> - against –<br><br>HSBC BANK USA, N.A.,<br>HSBC MORTGAGE CORPORATION (USA)<br>HSBC BANK USA and<br>PHH MORTGAGE CORPORATION,<br><br>Defendants. | Case No. |

## CLASS ACTION COMPLAINT

1.      Plaintiffs John Rubino, Beverly Guity, Emily Freidberg and Jerome Paticoff (collectively, "Plaintiffs"), by and through their counsel of record, on behalf of themselves and all others similarly situated, allege the following, upon information and belief, against defendants HSBC Bank USA, N.A. ("HSBC"), HSBC Mortgage Corporation (USA) ("HSBC Mortgage"), HSBC Bank USA and PHH Mortgage Corporation ("PHH" and collectively with HSBC, HSBC Mortgage, and HSBC Bank USA, "Defendants"), as follows:

## I.      NATURE OF THE ACTION

2.      This action seeks to redress the systematic failure by HSBC, HSBC Mortgage, HSBC Bank USA and PHH to timely present proof that mortgage and other home loans have been satisfied within the time demanded by New York Real Property Law ("RPL") § 275 and New York Real Property Actions and Proceedings Law ("RPAPL") § 1921 to the county clerks of New York State.

3.      RPL § 275 and RPAPL § 1921 require that mortgagees like HSBC, HSBC

1

Mortgage, HSBC Bank USA and PHH present a satisfaction of mortgage within 30 days of when a mortgagor has paid the entire principle and interest due on a mortgage or home loan to the proper county clerk.[1] The statutes each provide that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500.00; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1,000.00; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1,500.00.

4.     The New York Legislature has determined that failures by mortgagees to clear and quiet titles within the deadlines required by RPL § 275 and RPAPL § 1921 cause actual, concrete, and particularized injuries to aggrieved mortgagors like Plaintiffs and the absent members of the Class.

5.     HSBC, HSBC Mortgage, HSBC Bank USA, and PHH originated, acquired, and serviced mortgage loans on Plaintiffs' homes located in Westchester, Rockland, or Orange counties. Even though Plaintiffs each repaid those mortgage or home loans in full, Defendants did not present, or cause to be presented, satisfactions of mortgage with the New York county clerks within the required 30 days, and sometimes substantially in excess of 90 days.

6.     Plaintiffs allege claims under the RPL §275 and RPAPL §1921 on behalf of themselves and the absent members of the Class.

7.     Plaintiffs seek, among other relief, for themselves and the absent members of the Class, (1) the statutory damages and remedies required by RPL § 275 and RPAPL § 1921; and (2) injunctive relief protecting Plaintiffs and the Class against Defendants' further and future violations of RPL § 275 and RPAPL § 1921.

---

[1]     In RPL § 275, "[t]he terms 'certificate of discharge' and 'satisfaction of mortgage' are used interchangeably." *Alder v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 113288, *2-3, n.1 (S.D.N.Y. July 17, 2014); *accord Bellino v. JPMorgan Chase Bank, N.A.,* 2106 U.S. Dist. LEXIS 137067, *4 (S.D.N.Y. Oct. 3, 2016).

## II.    JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") because this is a class action in which the subject matter in controversy exceeds the sum or value of $5,000,000.00 and there are in excess of 100 class members.

9.    This Court also has personal jurisdiction over Defendants.  Defendants are each authorized to do business in New York, maintain offices and employees in New York and this District, maintain continuous and systemic contacts with New York and this District, do business in New York and this District specifically related to the claims alleged in this Complaint, and have sufficient minimum contacts with New York so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10.    Venue is proper in this District under 28 U.S.C. § 1391.

## III.    THE PARTIES

11.    Plaintiff John Rubino owns a home and property located in Westchester County that was subject to a mortgage loan originated in November 2000 and subsequently assigned to HSBC Mortgage.  HSBC Mortgage originated another mortgage loan for Plaintiff Rubino in September 2003 and then consolidated the loans and assigned them to HSBC.  The consolidated loans were paid to PHH as HSBC's and HSBC Mortgage's personal representative, agent, successor and/or assign.  Plaintiff Rubino fully-repaid that consolidated mortgage loan on or about August 12, 2016.  Nevertheless, HSBC, HSBC Mortgage and/or PHH did not present a satisfaction of mortgage to the Westchester County Clerk releasing the lien on Plaintiff Rubino's home and property until on or about April 6, 2017, more than seven months after Plaintiff Rubino repaid the

3

consolidated loan.  *See* **Exhibits A, B**.  Plaintiff Rubino is a resident of Cortlandt Manor, New York.

12.    Plaintiff Beverly Guity owned a home and property located in Orange County subject to two HSBC Mortgage and HSBC mortgage or home equity loans.  The first HSBC Mortgage loan was originated in October 2009 and was fully-satisfied on or about August 23, 2017.  That loan was paid to PHH as HSBC Mortgage's personal representative, agent, successor and/or assign.  Nevertheless, neither HSBC Mortgage nor PHH presented a satisfaction of mortgage to the Orange County Clerk releasing the lien on Plaintiff Guity's home and property related to the October 2009 loan until on or about October 17, 2017, more than 45 days after Plaintiff Guity fully-satisfied the October 2009 HSBC loan.  *See* **Exhibits C, D**.  The second HSBC loan was originated in December 2009 and was fully-satisfied no later than November 17, 2016.  HSBC did not present a satisfaction of mortgage to the Orange County Clerk releasing its lien on Plaintiff Guity's home and property related to the December 2009 loan until on or about October 23, 2017, more than eleven months after Plaintiff Guity fully-satisfied the HSBC loan.  *See* **Exhibit E**.  Plaintiff Guity is a resident of Middletown, New York.

13.    Plaintiff Emily Freidberg owned a home and property located in Westchester County subject to a HSBC mortgage or home equity loan originated in April 1999.  Plaintiff Freidberg fully-repaid that HSBC mortgage or home equity loan on or about July 7, 2004.  HSBC did not present a satisfaction of mortgage to the Westchester County Clerk releasing its lien on Plaintiff Freidberg's home and property until on or about August 1, 2017.  *See* **Exhibits F, G**.  Plaintiff Freidberg is currently a resident of Stamford, Connecticut.

14.    Plaintiff Jerome Paticoff and his wife owned a home and property located in Rockland County that was subject to two mortgage loans originated in January 1993 and June

1996, both consolidated and subsequently assigned to HSBC. Plaintiff Paticoff and his wife fully-repaid that consolidated HSBC mortgage loan. HSBC did not present a satisfaction of mortgage to the Rockland County Clerk releasing its lien on Plaintiff Paticoff's home and property until on or about January 9, 2018. *See* **Exhibits H**. Plaintiff Paticoff is currently a resident of Delray Beach, Florida.

15.    HSBC is a nationally-chartered bank, as of July 1, 2004, that maintains its principle executive offices within this District at 452 Fifth Avenue, New York, NY 10018 and also maintains offices and bank branches throughout New York State, including within this District. HSBC is a wholly-owned subsidiary of HSBC USA Inc. and is the successor by merger to HSBC Bank USA f/k/a Marine Midland Bank.

16.    HSBC Mortgage f/k/a Marine Midland Mortgage Corporation is a Delaware corporation authorized by the New York Secretary of State to do business in New York State. HSBC Mortgage maintains its principle executive offices at 2929 Walden Avenue, Depew, New York and maintains other offices within this District. HSBC Mortgage originates mortgage and home loans secured by real property throughout New York state, including within this District.

17.    HSBC Bank USA f/k/a Marine Midland Bank is a predecessor of HSBC. HSBC Bank USA acquired Marine Midland Bank in or about 1980 and changed its name to HSBC Bank USA in or about 1999. HSBC Bank USA is or was a New York State-chartered bank.

18.    PHH is a New Jersey corporation authorized by the New York Secretary of State to do business in New York State. PHH maintains its principle executive offices at 1 Mortgage Way, Mount Laurel, NJ. PHH originates and services mortgage and home loans secured by real property throughout New York State, including within this District. Based on a 2018 settlement with the New York Attorney General, and other state Attorneys General, "PHH [must] adhere to

comprehensive mortgage servicing standards, conduct audits, and provide audit results to a committee of states.  The settlement does not release PHH from liability for conduct that occurred beginning in 2013." *A.G. Schneiderman Announces $45 Million Multi-State Settlement with PHH Mortgage Corporation* (Jan. 3, 2018).

## IV.    STATEMENT OF FACTS

19.    Like many banks and bank servicing agents benefiting from their mortgage loan operations in New York, Defendants frequently fail to comply with their obligations to timely present and file mortgage satisfactions.

20.    The failure of the banks and servicing agents, lending institutions, to timely release and discharge mortgage liens causes actual, concrete, and particularized injuries to their mortgagors, both tangible and intangible. The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

21.    To address mortgage lenders' failure to file mortgage satisfactions in a timely manner, RPL § 275 and RPAPL § 1921 impose progressively higher damages for violations of the statutes by mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days.  The statutory damages are $500.00 after 30 days, $1,000.00 after 60 days, and $1,500.00 after 90 days under each statute.

22.    In May 2012, HSBC and PHH announced a strategic relationship wherein PHH would originate and service mortgage and real estate loans for HSBC and its affiliates, including HSBC Mortgage and HSBC Bank USA.

23.    In August 2016, HSBC and PHH announced an expanded relationship whereby PHH would service additional mortgage and real estate loans owned and/or serviced by HSBC and its affiliates, including HSBC Mortgage and HSBC Bank USA.

6

**Defendants Fail to Timely Release its Lien in Plaintiff Rubino's Home**

24.      Plaintiff Rubino obtained a mortgage loan from Mahopac National Bank in November 2000 secured by his current home and property located at 2310 Jordan Drive, Cortlandt Manor, New York in Westchester County.

25.      Mahopac National Bank filed a lien on Plaintiff Rubino's Westchester County home in January 2001.

26.      On or about September 6, 2002, Mahopac National Bank assigned its mortgage related to Plaintiff Rubino's home to HSBC Mortgage, which assignment was recorded on or about November 13, 2002.

27.      Plaintiff Rubino obtained a new mortgage loan from HSBC Mortgage in September 2003 secured by his home located at 2310 Jordan Drive, Cortlandt Manor, New York in Westchester County.

28.      HSBC Mortgage consolidated the mortgage loan assigned to it by Mahopac National Bank with the new mortgage loan originated in September 2003 (the "consolidated mortgage loan").

29.      HSBC Mortgage filed a lien on Plaintiff Rubino's Westchester County home and property related to the consolidated mortgage loan.

30.      In or about September 2003, HSBC mortgage assigned Plaintiff Rubino's consolidated mortgage loan to Mortgage Electronic Registration Systems, Inc. "AS NOMINEE FOR HSBC BANK USA, N.A. ITS SUCCESSORS AND ASSIGNS." *See* **Exhibit A.**

31.      Upon information and belief, PHH was the person to whom payments were made on Plaintiff Rubino's consolidated mortgage loan.

32.      Upon information and belief, PHH was the personal representative, agent,

7

successor and/or assign to HSBC and/or HSBC Mortgage for Plaintiff Rubino's consolidated mortgage loan. *See* **Exhibits A, B**.

33.    On or about August 8, 2016, Plaintiff Rubino and his former wife deeded sole title ownership in Plaintiff Rubino's Westchester County home and property to Plaintiff Rubino. *Id*.

34.    Plaintiff Rubino fully-satisfied his consolidated mortgage loan on or about August 12, 2016.

35.    An April 30, 2016 letter from "HSBC c/o PHH Mortgage Services" to Plaintiff Rubino confirmed that, "Please be advised that the above referenced account was paid in full on August 12, 2016."    *See* **Exhibit B**.

36.    Even though Plaintiff Rubino fully-repaid his consolidated mortgage loan on or about August 12, 2016, HSBC, HSBC Mortgage and/or PHH did not present a satisfaction of mortgage to the Westchester County Clerk until on or about April 6, 2017, more than seven months after Plaintiff Rubino fully-repaid his HSBC consolidated mortgage loan. *See* **Exhibit A**. That satisfaction of mortgage was executed on April 5, 2017. *Id*.

37.    The satisfaction of mortgage states that Plaintiff Rubino's consolidated mortgage loan was not further assigned after it was assigned by HSBC Mortgage to HSBC in September 2003. *Id*.

38.    The satisfaction of mortgage was requested by and returnable to PHH. *Id*.

39.    HSBC, HSBC Mortgage and PHH were each "mortgagees" for Plaintiff's consolidated mortgage loan as defined and used in RPL § 275 and RPAPL § 1921.

40.    By failing to present a valid satisfaction of mortgage with the Westchester County Clerk within 30, 45 or 90 days from August 30, 2016, HSBC, HSBC Mortgage and PHH violated RPL § 275 and RPAPL § 1921 causing injury to Plaintiff Rubino, redressable by the statutory

damages set forth in RPL § 275 and RPAPL § 1921.

41.    Plaintiff Rubino is not alone.    Upon information and belief, HSBC, HSBC Mortgage and PHH have failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in classwide violations of RPL § 275 and RPAPL § 1921.

**Defendants Fail to Timely Release Two Liens in Plaintiff Guity's Home**

42.    Plaintiff Guity obtained a mortgage loan from HSBC Mortgage in October 2009 ("Guity Loan 1") secured by her former home and property located at 145 Ruth Court, Middletown, New York in Orange County.

43.    HSBC Mortgage filed a lien on Plaintiff Guity's former Orange County home and property related to Guity Loan 1.

44.    Upon information and belief, PHH was the person to whom payments were made for Guity Loan 1.

45.    Upon information and belief, PHH was the personal representative, agent, successor and/or assign to HSBC Mortgage for Guity Loan 1 and 2.  *See* **Exhibits C, E.**

46.    Plaintiff Guity fully-satisfied the Guity Loan 1 on August 23, 2017, during the closing for the sale of her former home and property.  In advance of that short sale, "HSBC c/o PHH Mortgage Services" provided a Short Sale Information letter to Plaintiff Guity stating, "With a short sale, we will release our mortgage lien on your property once we receive the proceeds from the sale of the property, even though the proceeds are less than the loan balance you owe."  In that same letter, HSBC Mortgage and PHH represented, "We will execute a full 'satisfaction and release of mortgage' upon receipt of the proceeds from the closing." That same letter listed the "Net Sales Proceeds" from the short sale of Plaintiff Guity's former home and property as $90,821.45.

47.    On August 23, 2017, PHH was wired the proceeds from the sale of Plaintiff Guity's former home and property in the amount of $92,280.28. **Exhibit D**.

48.    Even though HSBC Mortgage and PHH received the payoff proceeds for Guity Loan 1 on August 23, 2017, neither HSBC Mortgage nor PHH presented a satisfaction of mortgage to the Orange County Clerk until on or about October 17, 2017, more than 45 days after Plaintiff Guity fully-satisfied Guity Loan 1. *See* **Exhibit C**.

49.    The satisfaction of mortgage for Guity Loan 1 was returnable to PHH. *Id*.

50.    The satisfaction of mortgage for Guity Loan 1 states that HSBC Mortgage had not assigned Guity Loan 1. *Id*.

51.    HSBC Mortgage and PHH were each "mortgagees" for Guity Loan 1 as defined and used in RPL § 275 and RPAPL § 1921.

52.    By failing to present a valid satisfaction of mortgage for Guity Loan 1 with the Orange County Clerk within 30 or 45 days from August 23, 2017, HSBC Mortgage and PHH violated RPL § 275 and RPAPL § 1921 causing injury to Plaintiff Guity, redressable by the statutory damages set forth in RPL § 275 and RPAPL § 1921.

53.    Plaintiff Guity obtained a mortgage loan from HSBC in December 2009 ("Guity Loan 2") secured by her former home and property located at 145 Ruth Court, Middletown, New York in Orange County. Guity Loan 2 was made by HSBC in connection with Plaintiff Guity's participation in the *HSBC First Time Home Buyer's Club* loan program.

54.    HSBC filed a lien on Plaintiff Guity's former Orange County home and property related to Guity Loan 2.

55.    Plaintiff Guity fully-satisfied Guity Loan 2 in or about November 2016.

56.    Even though satisfied in or about November 2016, HSBC did not present a

10

satisfaction of mortgage to the Orange County Clerk until on or about October 23, 2017, more than eleven months after Plaintiff Guity fully-satisfied Guity Loan 2. *See* **Exhibit E**.  That satisfaction of mortgage was executed by an HSBC officer on November 17, 2016, confirming satisfaction of Guity Loan 2 in November 2016. *Id.*

57.    The satisfaction of mortgage presented for recording by HSBC for Guity Loan 2 states that HSBC had not assigned Guity Loan 2. *Id.*

58.    The satisfaction of mortgage for Guity Loan 2 was requested by and returnable to PHH. *Id.*

59.    HSBC and PHH were each "mortgagees" for Guity Loan 2 as defined and used in RPL § 275 and RPAPL § 1921.

60.    By failing to present a valid satisfaction of mortgage for Guity Loan 2 to the Orange County Clerk within 30, 45, and 90 days from November 17, 2016, HSBC and/or PHH violated RPL § 275 and RPAPL § 1921 causing injury to Plaintiff Guity, redressable by the statutory damages set forth in RPL § 275 and RPAPL § 1921.

61.    Plaintiff Guity is not alone.  Upon information and belief, HSBC, HSBC Mortgage and PHH have failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in classwide violations of RPL § 275 and RPAPL § 1921.

**Defendants Fail to Timely Release the Lien in Plaintiff Freidberg's Home**

62.    Plaintiff Freidberg obtained a mortgage or home equity loan from HSBC, successor by merger to HSBC Bank USA f/k/a Marine Midland Bank in April 1999 secured by her former home and property located at 117 Harmon Avenue, Pelham, New York, in Westchester County, which property was subsequently subdivided to include 200 Seventh Avenue, Pelham, New York.

63.    HSBC, successor by merger to HSBC Bank USA f/k/a Marine Midland Bank, filed

a lien on Plaintiff Freidberg's former Westchester County home and property in April 1999.

64.    Upon information and belief, PHH was the personal representative, agent, successor and/or assign to HSBC and/or HSBC Bank USA for Plaintiff Freidberg's mortgage or home equity loan.  *See* **Exhibit F.**

65.    Plaintiff Freidberg fully-repaid the HSBC mortgage or home equity loan more than 90 days prior to the date when HSBC, HSBC Bank USA and/or PHH presented a satisfaction of mortgage to the Westchester County Clerk to release and discharge the lien related to that mortgage or home equity loan.  **Exhibits F, G**.

66.    On June 20, 2017, Plaintiff Freidberg sold the 200 Seventh Avenue, Pelham, New York home and property subject to HSBC's and HSBC Bank USA's lien.  During that closing, it was revealed that HSBC, HSBC Bank USA and PHH had not presented, or caused to be presented, filed or recorded, a satisfaction of the lien related to the April 1999 HSBC mortgage or home equity loan.  As a result, Plaintiff Freidberg was required to place $15,000.00 of the purchase price of her former Westchester County home and property in escrow to complete the closing and sale.

67.    HSBC, HSBC Bank USA and/or PHH finally presented a satisfaction of mortgage to the Westchester County Clerk that was dated July 7, 2017 and recorded on August 1, 2017.  *See* **Exhibit F**.

68.    The satisfaction of mortgage presented for recording by HSBC states that HSBC had not assigned Plaintiff Freidberg's mortgage or home equity loan.  *Id*.

69.    The satisfaction of mortgage was requested by, and returnable to, PHH.  *Id*.

70.    HSBC, HSBC Bank USA and PHH were "mortgagees" for Plaintiff Freidberg's mortgage or home equity loan as that word is defined and used in RPL § 275 and RPAPL § 1921.

71.    By failing to present a valid satisfaction of mortgage with the Westchester County

Clerk until July or August 2017, HSBC violated RPL § 275 and RPAPL § 1921, and caused injury to Plaintiff Freidberg, redressable by the statutory damages set forth in RPL § 275 and RPAPL § 1921.

72.     Plaintiff Freidberg suffered a continuing injury and harm from the date of payoff of her 1999 mortgage or home equity loan through the date of presentment by HSBC, HSBC Bank USA and/or PHH of the satisfaction to the Westchester County Clerk.

73.     Among Plaintiff Freidberg's injuries, she was denied possession, use, and enjoyment of the $15,000.00 purchase proceeds placed in escrow on June 20, 2017 until on or about August 23, 2017, after HSBC, HSBC Bank USA and/or PHH caused the satisfaction of mortgage to be presented to the Westchester County Clerk.  Plaintiff Freidberg incurred further injuries in the form of additional costs paid by her to remediate HSBC's, HSBC Bank USA's and PHH's violations of RPL § 275 and RPAPL § 1921.

74.     Plaintiff Freidberg is not alone.  Upon information and belief, HSBC, HSBC Bank USA and PHH have failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in classwide violations of RPL § 275 and RPAPL § 1921.

**Defendants Fail to Timely Release its Lien in Plaintiff Paticoff's Home**

75.     Plaintiff Paticoff and his wife obtained a mortgage or home equity loan in January 1993 from HSBC Bank USA f/k/a Marine Midland Bank, the successor by merger to First Federal Savings and Loan Association of Rochester (again, "HSBC Bank USA").  The loans were secured by the Paticoffs' former home and property located at 1 Old Mill Lane, Tappan, New York in Rockland County.

76.     Plaintiff Paticoff and his wife obtained another mortgage or home equity loan from HSBC Bank USA in June 1996.  This loan was also secured by their 1 Old Mill Lane property,

and was consolidated with the January 1993 loan.

77.    HSBC Bank USA filed a lien on Plaintiff Paticoff's former Rockland County home and property related to the consolidated mortgage or home equity loan.

78.    Upon information and belief, PHH was the personal representative, agent, successor and/or assignee to HSBC Bank USA for Plaintiff Paticoff's consolidated mortgage or home equity loan.  *See* **Exhibit H**.

79.    Plaintiff Paticoff and his wife fully-repaid the consolidated mortgage or home equity loan more than 90 days prior to the date when HSBC Bank USA and/or PHH presented a satisfaction of mortgage to the Rockland County Clerk to release and discharge the lien related to that consolidated mortgage or home equity loan.

80.    Plaintiff Patticoff and his wife sold their former Rockland County home and property in January 2018.  That sale and closing was delayed because HSBC Bank USA had never presented, filed or recorded a satisfaction of mortgage of the lien related to the consolidated mortgage or home equity loan.

81.    HSBC Bank USA and/or PHH presented a satisfaction of mortgage to the Westchester County Clerk that was dated January 2, 2018 and recorded on January 9, 2018.  *See* **Exhibit H**.

82.    The satisfaction of mortgage presented for recording states that HSBC Bank USA had not assigned Plaintiff Paticoff's consolidated mortgage or home equity loan.  *Id*.

83.    The satisfaction of mortgage was returnable to PHH.  *Id*.

84.    The satisfaction of mortgage was presented to the Rockland County Clerk by HSBC Bank USA and/or PHH only after a request was made to HSBC Bank USA and a Request for Assistance was filed with the New York Department of Financial Services.

14

85.    HSBC, HSBC Bank USA and PHH were "mortgagees" for Plaintiff's consolidated mortgage or home equity loan as that word is defined and used in RPL § 275 and RPAPL § 1921.

86.    By failing to present a valid satisfaction of mortgage with the Rockland County Clerk within 30, 45, or 90 days from the full-repayment by Plaintiff Paticoff and his wife of their consolidated HSBC Bank USA mortgage or home equity loan, HSBC, HSBC Bank USA and PHH violated RPL § 275 and RPAPL § 1921, and caused injury to Plaintiff Paticoff, redressable by the statutory damages set forth in RPL § 275 and RPAPL § 1921.

87.    Plaintiff Paticoff and his wife suffered a continuing injury and harm from the date of payoff of their consolidated HSBC Bank USA mortgage or home equity loan through the date of presentment by HSBC of the satisfaction with the Westchester County Clerk.

88.    Among Plaintiff Paticoff's injuries, he and his wife were denied possession, use, and enjoyment of the $15,000.00 purchase proceeds placed in escrow on January 9, 2019 until after HSBC Bank USA and/or PHH caused the satisfaction of mortgage to be recorded with the Rockland County Clerk.   Plaintiff Paticoff and his wife incurred further injuries in the form of additional costs paid by them to remediate HSBC Bank USA's and/or PHH's violations of RPL § 275 and RPAPL § 1921.

89.    Among Plaintiff Paticoff's injuries, he and his wife incurred costs and expenses related to delay of the sale of their former Rockland County home and property, which delay was caused by HSBC Bank USA and PHH having failed to present a timely satisfaction of mortgage as required by RPL § 275 and RPAPL § 1921.

90.    Plaintiff Paticoff is not alone.  Upon information and belief, HSBC, HSBC Bank USA and PHH have failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in classwide violations of RPL § 275 and RPAPL § 1921.

## V.    CLASS ACTION ALLEGATIONS

91.    Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure on behalf of themselves and the absent members of a Class, defined as follows:

> All persons who were a mortgagor to a mortgage or home equity loan secured
> by real property located in New York State for which HSBC, HSBC Mortgage,
> HSBC Bank USA or PHH was a mortgagee and for which HSBC, HSBC
> Mortgage, HSBC Bank USA or PHH did not present a valid certificate of
> discharge or satisfaction of mortgage to the recording officer of the county
> where the mortgage was recorded within thirty (30) days after loans were
> completely paid or satisfied.

92.    Excluded from the Class are Defendants and their subsidiaries, officers, directors,

employees, partners and co-venturers, federal, state, or local governmental entities, any judicial

officer presiding over this action and the members of his/her immediate family and judicial staff,

and any juror assigned to this action.

93.    While Plaintiffs do not know the exact size or identities of the Class, the size of the

Class is reasonably believed to contain many thousands of individuals whose identities can be

readily ascertained from Defendants' books and records and the property records maintained by

the New York county clerks' offices.   According to a February 5, 2016 press release from the

New York Attorney General: "It is estimated that New York State has nearly 136,000 HSBC loans,

nearly 31% of HSBC's total portfolio." *A.G. Schneiderman Announces $470 Million Joint State-*

*Federal Settlement with HSBC to Address Mortgage Loan Origination, Servicing, and*

*Foreclosure Abuses* (Feb. 5, 2016).

94.    There are questions of law or fact common to the Class which predominate over

any questions affecting only individual members, including:

(a).    Whether Defendants failed to timely present certificates of discharge or

satisfactions of mortgage;

16

(b).     Whether Defendants violated RPL § 275;

(c).     Whether Defendants violated RPAPL § 1921; and

(d).     Whether Plaintiffs and the Class are entitled to damages and/or injunctive relief as

a result of Defendants' conduct, and the proper measure of damages and other relief; and

95.     The factual and legal claims asserted by Plaintiffs are typical of the claims of the

members of the Class.

96.     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs

have retained able counsel with extensive experience in consumer practices as well as in class

action litigation.  The interests of Plaintiffs are coincident with, and not antagonistic to, the

interests of the other Class members.

97.     The questions of law and fact common to the members of the Class predominate

over any questions affecting only individual members, including legal and factual issues relating

to liability and damages.

98.     The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to individual Class members,

which would establish incompatible standards of conduct for Defendant.

99.     The absent members of the Class are readily identifiable by reference to internal

banking records of the Defendants and public records.

100.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy.  Since the damages suffered by individual members of the Class

are relatively small, the expense and burden of individual litigation make it impossible for the

members of the Class individually to redress the wrongs done to them.  The Class is readily

definable, and prosecution of this action as a class action will eliminate the possibility of repetitious

litigation.  The Court will encounter no difficulty in managing this action as a class action.

101.    HSBC has acted on grounds that apply generally to the absent members of the Class, namely failing to ensure that satisfactions of mortgages are timely presented.

## VI.    INJURY AND DAMAGES

102.    Plaintiffs and the absent members of the Class have been injured and incurred an injury in fact as result of Defendants' violations of RPL § 275 and RPAPL § 1921, which injuries are concrete and particularized and actual or imminent.[2]

103.    Plaintiffs and the absent members of the Class have been injured and incurred injuries-in-fact foreseeably, directly and proximately caused by the violations and injuries codified by the New York Legislature in RPL § 275 and RPAPL § 1921.

104.    Among the concrete and particularized injuries and injuries-in-fact suffered by Plaintiffs and the absent members of the Class, and foreseeably, directly and proximately caused by Defendants' violations of  RPL § 275 and RPAPL § 1921 are:  (1) real risk of harm caused by Defendants' clouding of titles to Plaintiffs' and the absent members of the Classes' respective properties encumbered by Defendants' mortgage liens; (2) difficulties and potential difficulties in securing financing on another property after repaying their HSBC, HSBC Mortgage, HSBC Bank USA or PHH mortgage or home equity loans; (3) difficulties and potential difficulties in selling or encumbering the subject property after repaying their HSBC, HSBC Mortgage, HSBC Bank USA or PHH mortgage or home equity loans; (4) burdening property owners' rights to free alienability; (5) frustrating the orderly transfer of property; (6) paying the filing fees for the timely filing of a

---

[2]    *See Bellino v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 128770, *19 (S.D.N.Y. Sept. 20, 2016) ("'As a threshold matter, this Court agrees with Judge Briccetti that 'a state statute, like a federal statute, may create a legal right, the invasion of which may constitute a concrete injury for Article III purposes.'" (quoting *Jaffe v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 92899, *11 (S.D.N.Y. July 15, 2016)).

satisfaction of mortgage or certificate of discharge that was not timely filed by Defendants; and

(7) any and all obstacles, whether tangible or intangible, incurred by borrowers resulting from

Defendants' failing to timely discharge mortgage liens.

105.    As a result of the concrete and particularized injuries incurred as a foreseeable,

direct, and proximate result of Defendants' violations of RPL § 275 and RPAPL § 1921, Plaintiffs

and the absent members of the Class are entitled to the damages as set forth by the New York

Legislature in RPL § 275 and RPAPL § 1921.

106.    The payment of damages to Plaintiffs and the Class as required by RPL § 275 and

RPAPL § 1921 will redress the injuries incurred by Plaintiffs and the absent members of the Class

as a direct and proximate result of Defendants' violations of those statutes.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF RPL §275
### (AGAINST ALL DEFENDANTS)

107.    Plaintiffs restate, re-allege, and incorporate by reference the foregoing paragraphs.

108.    RPL § 275 states:

Whenever a mortgage upon real property is due and payable, and the full amount of
principal and interest due on the mortgage is paid, a certificate of discharge of
mortgage shall be given to the mortgagor or person designated by him or her, signed
by the person or persons specified in section three hundred twenty-one of this
chapter.  The person signing the certificate shall, within thirty days thereafter,
arrange to have the certificate presented for recording to the recording officer of the
county where the mortgage is recorded.  Failure by a mortgagee to present a
certificate of discharge for recording shall result in the mortgagee being liable to the
mortgagor in the amount of five hundred dollars if he or she fails to present such
certificate within thirty days, shall result in the mortgagee being liable to the
mortgagor in the amount of one thousand dollars if he or she fails to present a
certificate of discharge for recording within sixty days and shall result in the
mortgagee being liable to the mortgagor in the amount of one thousand five hundred
dollars if he or she fails to present a certificate of discharge for recording within
ninety days.

109.    As it pertains to Plaintiff Rubino individually, HSBC, HSBC Mortgage, and PHH

19

failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Rubino's mortgage loans for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

110.   As it pertains to Plaintiff Guity individually, HSBC, HSBC Mortgage, and PHH failed to present valid certificates of discharge or satisfactions of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Guity's mortgage and home equity loans for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

111.   As it pertains to Plaintiff Freidberg individually, HSBC, HSBC Bank USA, and PHH failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Freidberg's mortgage or home equity loan for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

112.   As it pertains to Plaintiff Paticoff individually, HSBC, HSBC Bank USA, and PHH failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Paticoff's mortgage or home equity loans for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

113.   Defendants routinely fail to timely present certificates of discharge or satisfactions of mortgage, as required by RPL § 275.

114.   By reason of the foregoing, Defendants have violated RPL § 275 causing injury to Plaintiffs and the absent members of the Class.

115.   Defendants are liable to Plaintiffs and the absent members of the Class for the

statutory damages that are due for violations of RPL § 275.

116.    Plaintiffs and the absent members of the Class seek damages, statutory damages, an injunction, restitution, attorneys' fees and costs, and all other appropriate legal and equitable relief and remedies for Defendants' violations of RPL § 275.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF RPAPL § 1921**
**(AGAINST ALL DEFENDANTS)**

117.    Plaintiffs restate, re-allege, and incorporate by reference the foregoing paragraphs.

118.    RPAPL §1921(1) states:

After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

119.    RPAPL § 1921(9)(a) provides that, "When used in this section:"

(a) "Mortgagee" means (i) the current holder of the mortgage of record or the current holder of the mortgage, or (ii) any person to whom payments are required to be made or (iii) their personal representatives, agents, successors, or assigns.

120.    As it pertains to Plaintiff Rubino individually, HSBC, HSBC Mortgage, and PHH failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Rubino's

mortgage loans for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

121.  As it pertains to Plaintiff Guity individually, HSBC, HSBC Mortgage, and PHH failed to present valid certificates of discharge or satisfactions of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Guity's mortgage and home equity loans for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

122.  As it pertains to Plaintiff Freidberg individually, HSBC, HSBC Bank USA, and PHH failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Freidberg's mortgage or home equity loan for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

123.  As it pertains to Plaintiff Paticoff individually, HSBC, HSBC Bank USA, and PHH failed to present a valid certificate of discharge or satisfaction of mortgage for recording within 30 days of the date upon which the full amount of principle and interest was paid on Plaintiff Paticoff's mortgage or home equity loans for which HSBC, HSBC Mortgage, and/or PHH were the mortgagees.

124.  Defendants routinely fail to timely present certificates of discharge or satisfactions of mortgage, as required by RPAPL § 1921.

125.  By reason of the foregoing, Defendants have violated RPAPL § 1921 causing injury to Plaintiffs and the absent members of the Class.

126.  Defendants are liable to Plaintiffs and the absent members of the Class for the statutory damages that are due for violations of RPAPL § 1921.

127.  Plaintiffs and the Class seek damages, statutory damages, an injunction, restitution,

attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for Defendants' violations of RPAPL §1921.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendants as follows:

A.      An order certifying this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, and appointing Plaintiffs and their counsel to represent the Class;

B.      On Plaintiffs' First Cause of Action, awarding judgment against Defendants and ordering the payment of statutory damages that Plaintiffs and the other Class members are due as a result of Defendants' violations of RPL § 275;

C.      On Plaintiffs' Second Cause of Action, awarding judgment against Defendants and ordering the payment of statutory damages that Plaintiffs and the other Class members are due as result of Defendants' violations of RPAPL § 1921;

D.      A permanent injunction enjoining Defendants' continuing and future violations of RPL § 275 and RPAPL § 1921;

E.      Pre-judgment and post-judgment interest to fullest extent permitted by law;

F.      Awarding Plaintiffs and the absent members of the Class their reasonably incurred costs of prosecuting this action and attorneys' fees; and

I.      Awarding Plaintiffs and the absent members of the Class such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury for all claims to the extent authorized by law.

DATED:  March 8, 2019

**LOWEY DANNENBERG P.C.**

/s/ Peter D. St. Philip, Jr.
Peter D. St. Phillip, Jr.
pstphillip@lowey.com
Scott V. Papp
spapp@lowey.com
Samantha Breitner
sbreitner@lowey.com
44 South Broadway, Ste. 1100
White Plains, NY  10601
Tel. (914) 997-0500

**TUSA P.C.**

/s/ Joseph S. Tusa
Joseph S. Tusa
joseph.tusapc@gmail.com
P.O. Box 566
Southold, NY  11971
Tel. (631) 407-5100

        - and –

150 Motor Parkway, Ste. 401
Hauppauge, NY 11788
Tel. (631) 407-5100